IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
|      Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 97-1278 |
| | ) | |
| DAVISON ASSOCIATES, INC., | ) | |
|  et al., | ) | |
|     Defendant. | ) | |

ORDER

The Federal Trade Commission alleges that defendants Davison Associates, Inc., Manufacturers Support Services, Inc., George M. Davison, III, Barbara Davison, Gordon Davison, and Barbara Miele, have engaged in deceptive practices in connection with their invention promotion business in violation of section 5 of the Federal Trade Commission Act. 15 U.S.C.A. §45(a). Specifically, plaintiff seeks a permanent injunction, and ancillary relief, including the disgorgement of all funds ever received by defendants from their customers. 15 U.S.C.A. §53. Defendants have filed a _motion_ _in_ _limine_ arguing that the FTC cannot seek ancillary relief on behalf of customers based on conduct occurring after January 28, 2000, the effective date of the Inventors' Rights Act of 1999. 35 U.S.C.A. §297. Defendants contend that because that Act explicitly provides consumers with

a private right of action against invention promoters, the FTC no longer has the power to enforce the Federal Trade Commission Act against this type of company. Because we find that the Inventors' Rights Act of 1999 does not divest the Federal Trade Commission of its power to enforce the Federal Trade Commission Act against invention promoters, we deny defendants' motion. In reaching this conclusion, we have considered several factors as follows.

First, the Inventors' Rights Act does not state that it has any effect on the FTC's investigatory or enforcement jurisdiction. The Act vests the United States Patent and Trademark Office (the "PTO") with authority to collect and publish complaints against invention promoters. 35 U.S.C.A. §297(d). The Act also gives customers the ability to bring a civil action directly against an invention promoter in order to recover actual damages, statutory damages, or treble damages, as well as costs and fees. 35 U.S.C.A. §297(b). Nowhere does the Act refer to the FTC. However, it does specifically allow the PTO to gather complaints filed with other state and federal agencies against invention promoters. U.S.C.A. §297(d)(2). The FTC is a federal agency that obtains complaints about invention promoters.

2

In addition, in considering whether to impose treble damages, a court may take into account "past complaints made against the invention promoter that resulted in regulatory sanctions or other corrective action." 35 U.S.C.A. §297(b)(2). The FTC is one body that is capable of imposing such sanctions or corrective action. Therefore, the language of the Act[1], taken as a whole, supports the conclusion that the FTC's authority was not affected by the Inventors' Rights Act of 1999.

Second, contrary to defendants' argument, the FTC is not divested of its investigatory and enforcement power under the Federal Trade Commission Act in the field of invention promoters by virtue of the fact that the PTO has no such power under the Inventors' Protection Act. There is no question that under both the Act, and the regulations under that Act, the PTO's power is limited to gathering and posting complaints against invention promoters. 35 U.S.C.A. §297(d); 37 C.F.R. §4.1.

In <u>Invention Submission Corp. v. Rogan</u>, 357 F.3d 452 (4th Cir. 2004), a case relied heavily upon by defendants, the Court of Appeals for the Fourth Circuit simply recognized the plain language of the Act in finding that the PTO had no enforcement or

---

[1] We find nothing in the legislative history that guides us on these issues.  While both parties have presented parts of the legislative history that support their position, there are no definitive answers to the issues that we must decide.

3

investigative authority in the field of invention promoters. However, that case did not discuss or implicate the FTC's power under the Act.   Nor does the Act itself.   Although the Act establishes the PTO as the repository and publisher of complaints, it does not replace the FTC with the PTO, or any other body, as the protector of the consuming public.   It does not follow that because the Act does not give the PTO the power to investigate invention promoters, it strips the FTC of its pre-existing power in that field as well.   Had Congress intended to do so, we would expect that such an intent would be manifest.

Third, we have found no support for defendants' position that where a consumer has a private right of action, the FTC is automatically stripped of its enforcement authority in that field.   The legislative history of the FTC Act recognizes that there will be instances in which both the FTC and the individual consumer will have a cause of action against the same defendant. It states that in such cases, both actions can proceed.   However, the defendant would be able to raise any prior payment made to the FTC for the benefit of the consumer as a complete defense to the private cause of action.   S. Rep. No. 93-1408 (1974), reprinted in 1974 U.S.C.C.A.N. 7755, 7773.   Regardless, even if

4

the FTC and an individual have a cause of action against the same defendant, there is always a difference between the cases - the FTC has the power and duty to protect the public interest.

The private right of action provided for in the Inventors' Rights Act cannot fully protect the public interest as does an FTC action, which may result in prospective injunctions, monitoring by the FTC of the company and its practices for several years, and recovery of monies on behalf of customers who could not themselves obtain relief. The Inventors' Rights Act was passed in order to give individual inventors enhanced protections against unscrupulous invention promoters. Giving these individuals a private right of action with one hand, while taking away the FTC's power to protect these same individuals as members of the larger consuming public with the other does not serve that goal. And again, had this conflicting result been the intention of Congress, we would expect to see a clear statement of it.

Fourth, we find that the doctrine of implied repeal does not apply in this case. Under that doctrine, where intended by Congress, a precisely drawn, detailed statute preempts more general remedies. <u>Brown v. Gen. Serv. Admin.</u>, 425 U.S. 820, 834 (1976). Implied repeals of one statute by another are not favored and are recognized only where the intention of the

5

legislature is "clear and manifest".  Radzanower v. Touche Ross & Co., 426 U.S. 148, 154 (1976); Posadas v. Nat'l City Bank, 296 U.S. 497, 503 (1936).  We find no basis for applying that doctrine in this case.  There is no indiction that Congress intended to repeal the Federal Trade Commission Act when it passed the Inventors' Rights Act.  In addition, contrary to defendants' argument, there is not an irreconcilable conflict between the FTC Act and the Inventors' Rights Act.  The fact that the Inventors' Rights Act imposes disclosure requirements and creates a private right of action, does not conflict with the ability of the FTC to investigate a company and bring an enforcement action against it.  These two types of activities have different procedures, goals, and results.  There is no reason that they cannot exist in parallel.  Defendants' arguments to the contrary are not supported under the circumstances.

Finally, we reject defendants' argument that this equitable action is barred because the FTC has an adequate remedy at law. The Inventors' Rights Act does not give the FTC any remedies, at law or otherwise.  The remedies available to the FTC to enforce in the consuming public's interest are found in the FTC Act. Therefore, there is no merit to that argument.  Similarly, we reject defendants' argument that the FTC has admitted that it is no longer able to enforce the Federal Trade Commission Act in the

6

field of invention promoters. Although the FTC website does refer customers to the PTO website in order to file a complaint against an invention promoter, the terms of the Inventors' Rights Act itself mandate that directive. Under the Act, it is the PTO, not the FTC, that publishes complaints against invention promoters. We do not view this fact as an admission.

Based on all of the above factors, we find that the Inventors' Rights Act of 1999 does not eliminate the FTC's ability to enforce the Federal Trade Commission Act in the area of invention promoters. As such, the evidence to be considered and the relief available is not limited to acts that occurred prior to the effective date of that Act.

BY THE COURT:

_____, J.

DATED:   July 6, 2005

cc:   All Counsel of Record

7